**James B. SHARP and Brenda Sharp, Plaintiffs,**

v.

**STATE FARM FIRE & CASUALTY INSURANCE COMPANY, Defendant.**

Civil Action No. SA–95–CA–0533.

United States District Court, W.D. Texas, San Antonio Division.

Aug. 22, 1996.

Stephen W. Boyd, San Antonio, TX, for plaintiffs.

Alysia G. Wightman, of Skelton & Woody, Austin, TX, for defendant.

## *MEMORANDUM OPINION AND ORDER*

NOWAK, United States Magistrate Judge.

The matter before the Court is Defendant's Motion for Summary Judgment, filed July 18, 1996.[1] The parties have consented to the Magistrate Judge conducting all proceedings in this case, including the trial and entry of judgment. Therefore, in accordance with 28 U.S.C. § 636(c) and the District Court's random assignment of this case to me on November 2, 1995, I have jurisdiction to enter this Order.[2]

### *Background*

This is an insurance coverage dispute. From October 29, 1992 to October 29, 1993, James and Brenda Sharp were insured under a Texas Standard Homeowner's Policy issued by State Farm Fire & Casualty Company. On September 8, 1993, the Sharps discovered a leak in their home's plumbing system which they believe caused their foundation to move, resulting in extensive damage to their home. The Sharps notified State Farm of the damage, and requested coverage under the policy. State Farm denied the claim, and consequently, the Sharps filed this lawsuit seeking contractual and extra-contractual damages allegedly resulting from State Farm's refusal

---

1. Docket Entry No. 45.

2. Docket Entry No. 17.

to provide coverage. State Farm now moves for summary judgment, arguing that the policy specifically and unambiguously excludes loss resulting from foundation movement. I agree that Texas law supports State Farm's position, and accordingly, grant its summary judgment motion.

### Discussion

A party is entitled to summary judgment upon motion if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[3] If there are no genuine issues of fact material to resolution of the summary judgment motion, the court must determine whether, under the undisputed facts, the moving party is entitled to judgment as a matter of law.[4] For purposes of its motion for summary judgment only, State Farm has assumed that the Sharps' foundation movement was caused by a plumbing leak. Therefore, the only issue for resolution is the proper construction of the relevant policy language, and if State Farm is correct that the policy unambiguously excludes loss from foundation movement, summary judgment is appropriate.

■ State Farm contends that it properly denied the Sharps' claim under the policy's exclusion for foundation damage:

> We do not cover loss under Coverage A (Dwelling) caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures,

walks, drives, curbs, fences, retaining walls or swimming pools.

> We do cover ensuing loss caused by ... water damage ... if the loss would otherwise be covered under this policy.[5]

Further, State Farm asserts that the exception to the exclusion for water damage does not apply because "ensuing loss" has been construed by Texas courts to cover only water damage which is the result, rather than the cause, of foundation movement.

This Court, sitting in diversity, must apply Texas law as construed by the Texas courts.[6] Texas courts have consistently held that the foundation exclusion quoted above specifically and unambiguously excludes damages resulting from foundation movement:

> Again, the plain language of the exception compels the conclusion that the water damage must be a consequence, i.e., follow from or be the result of the types of damage enumerated.... "Ensuing loss caused by water damage" refers to water damage which is the result, rather than the cause, of "settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings...."[7]

Thus, because the Sharps allege that their foundation shifted as a result of a plumbing leak—that is, the "water damage" was the cause, rather than the result, of foundation movement—State Farm properly denied their claim.

■ Attempting to avoid the clear mandate of Texas law, the Sharps first argue that State Farm's motion should be denied because its position with regard to the foundation exclusion "is directly contrary to the

---

3. Fed.R.Civ.P. 56(c).

4. *D.E.W., Inc. v. Local 93, Laborers' Int'l Union,* 957 F.2d 196, 199 (5th Cir.1992).

5. Docket Entry No. 45, Exhibit A–1 at page 5.

6. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

7. *Lambros v. Standard Fire Ins. Co.,* 530 S.W.2d 138, 141–142 (Tex.Civ.App.—San Antonio 1975, writ ref'd). *See also, Auten v. Employers Nat'l Ins. Co.,* 722 S.W.2d 468, 471 (Tex.App.—Dallas 1986, writ denied) (loss by contamination excluded regardless of the fact that it resulted from

negligence of a third party); *General Ins. Co. v. Hallmark,* 575 S.W.2d 134, 136 (Tex.Civ.App.— Eastland 1978, writ ref'd n.r.e.) (language excluding loss from settling not limited to certain causes; fact that settling brought about by water leak was immaterial); *Bentley v. Nat'l Standard Ins. Co.,* 507 S.W.2d 652, 654 (Tex.Civ.App.— Waco 1974, writ ref'd n.r.e.) (fact that settling and cracking resulted from drought immaterial, and did not bring loss outside exclusion). Following *Lambros,* United States District Judge Sam Sparks recently granted a summary judgment motion in favor of an insurer based upon an identical exclusion to that in the Sharps' policy. *See Jim C. Buell v. State Farm Gen'l Ins. Co.,* Cause No. A–95–766–SS, Docket Entry No. 30 (June 13, 1996).

position it has taken in other claims based on the same policy."[8] The Sharps present no evidence to support this assertion, however, nor do they cite any authority for this rather novel estoppel argument. Assuming State Farm has taken a different position in the past with regard to other claims, I fail to see how this would change the unambiguous language in the Sharps' policy.

The Sharps also argue that the "history" of the policy language shows that it was intended to provide coverage. According to the Sharps, the Texas State Board of Insurance has declared ambiguous a policy provision which is intended to provide coverage for the cost of tear-out and replacement of a building or land in the event of accidental discharge or leakage of water from a plumbing drain system located within or under the slab or foundation of the insured dwelling. This "accidental discharge" provision is part of the personal property coverage in a standard homeowner's policy, and appears in the Sharps' policy.[9] The Sharps argue that State Board's construction of the accidental discharge provision somehow renders the foundation exclusion ambiguous, and in support of their contention, present transcripts from State Board hearings, as well as "expert" affidavits.

Under Texas law, extrinsic evidence may be admissible to assist in interpreting contractual language.[10] If the contract language is not fairly susceptible of more than one legal construction, however, extrinsic evidence is inadmissible to contradict or vary the meaning of the explicit language of the parties' written statement.[11] As discussed above, Texas courts have held the foundation

exclusion at issue in this case to be unambiguous. Therefore, the evidence the Sharps present in an effort to create an ambiguity cannot be considered.[12] Furthermore, even if the Sharps' evidence were considered, it would not change the result in this case. The accidental discharge provision applies only to personal property coverage, and only covers damage to a building which results from repairing the system or appliance which experienced the water leak.

Finally, the Sharps argue that two Texas cases call into question the earlier cases holding the foundation exclusion unambiguous. Neither case, however, deals with the construction of the foundation exclusion. In *Nat'l Surety Corporation v. Adrian Assoc.*, the Texas Supreme Court approved a holding of the Dallas Court of Appeals, and disapproved a contrary holding of the Amarillo Court of Civil Appeals, regarding the construction of an underground water exclusion.[13] The Sharps' policy does not contain such an exclusion. The second case, *Nicolau v. State Farm Lloyds*, addresses the sufficiency of the evidence to support a jury's finding that a plumbing leak caused foundation movement in the insured plaintiffs' home.[14] The foundation exclusion, if one was even present, was neither quoted nor discussed. The Sharps simply cannot avoid clear Texas law supporting State Farm's denial of their claim.[15]

### Order

For the reasons discussed above, the Defendant's Motion for Summary Judgment is

---

8. Docket Entry No. 46, § III.

9. Docket Entry No. 45, Exhibit A–1, page 2.

10. *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 521 (Tex.1995).

11. *Id.*

12. *Mustang Tractor & Equip. Co. v. Liberty Mutual Ins. Co.*, 76 F.3d 89, 91 (5th Cir.1996) (parol evidence of intent is admitted to explain an ambiguous provision, never to create the ambiguity).

13. 650 S.W.2d 67 (Tex.1982).

14. 869 S.W.2d 543 (Tex.App.—Corpus Christi, 1993), *writ granted*, 37 Tex.S.Ct.J. 965 (June 15, 1994).

15. Although cited by neither party, in *Burditt v. West American Ins. Co.*, the Fifth Circuit found a similar foundation exclusion to be ambiguous. 86 F.3d 475 (1996). The language involved in the *Burditt* policy, however, was different from the policy in this case and in the Texas cases cited above. Because the Fifth Circuit failed to cite or distinguish any of the Texas cases construing the "ensuing loss" provision involved here, *Burditt* must be limited to its specific facts and policy language.

**GRANTED** and Plaintiffs' claims are dismissed with prejudice.