**Carlos JIMENEZ and Sylvia Jimenez, Plaintiffs,**

v.

**STATE FARM LLOYDS, Defendant.**

**No. SA–96–CA–1224.**

United States District Court,
W.D. Texas,
San Antonio Division.

June 5, 1997.

---

Robert W. Loree, San Antonio, TX, Thomas Hernandez, Law Office of Thomas Hernandez, San Antonio, TX, for plaintiffs.

David Vernon Jones, Jones Kurth & Andrews, P.C., San Antonio, TX, Lori Massey Cliffe, Jones Kurth & Treat, P.C., San Antonio, TX, for defendant.

## ORDER

H. F. GARCIA, District Judge.

Before the Court is Defendant's Motion for Summary Judgment filed by State Farm Lloyds (Defendant). Upon consideration, this Court grants Defendant's Motion for Summary Judgment.

### Background Facts

This is an insurance coverage dispute. Carlos Jimenez and Sylvia Jimenez (Plaintiffs) obtained a homeowner's policy from the Defendant. The Texas Standard Homeowner's Policy at issue is Policy Form B No. 83–27–5191–5 (Policy) effective from October 31, 1993 to October 31, 1994. On April 25, 1994, Plaintiffs made a claim under the Policy alleging that their home had suffered foundation damage as a result of a plumbing leak which was detected on April 1, 1994. After investigating the claim, Defendant determined, based on an engineer's report, that the foundation damage was not caused by a leak but by natural variations in the soil content around the home. Plaintiffs have instigated this lawsuit based on that denial, Plaintiffs allege causes of action for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the Deceptive Trade Practices Act. These facts are undisputed.[1] The issue before this Court is whether the Policy unambiguously excludes

---

1. Plaintiffs argue that they have raised fact issues on their negligence and extra-contractual claims. As evidence of this, Plaintiffs point to affidavit: attached to Plaintiffs' response. The Court will address this assertion under the Negligence and Extra–Contractual sections in this Order.

loss from foundation movement caused by a plumbing leak.

### Summary Judgment

■ Rule 56(c) of the Federal Rules of Civil Procedures states that summary judgement is proper if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). If there are no genuine issues of facts material to resolution of the summary judgment motion, the court must determine whether, under the undisputed facts the moving party is entitled to judgment as a matter of law. *Sharp v. State Farm Fire and Cas. Ins. Co.*, 938 F.Supp. 395, 396 (W.D.Tex.1996) (citing *D.E.W., Inc., v. Local 93, Laborers' Intl.Union*, 957 F.2d 196, 199 (5th Cir.1992)). The interpretation of an insurance contract, including the question whether the contract is ambiguous, is a legal determination. *Const. State Ins. Co. v. Iso–Tex. Inc.*, 61 F.3d 405 (5th Cir.1995) (citations omitted).

### Relevant Policy Provisions

The Policy provides two distinct coverages: Coverage A (Dwelling) and Coverage B (Personal Property). The agreement for Coverage A (Dwelling) provides:

> We insure against all risks of physical loss to the property described in Section I Property Coverage, Coverage A (Dwelling) unless the loss is excluded in Section I Exclusions.

There are various exclusions in the portion of the Policy entitled "Section I Exclusions," including exclusion (h) which provides:

> We do not cover loss under Coverage A (Dwelling) caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools.
> We do cover ensuing loss caused by ... water damage ... if the loss would otherwise be covered under this policy.

The separate agreement under Coverage B (Personal Property) provides:

> We insure against physical loss to the property described in Section I Property

Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section I Exclusions.

> 9. Accidental Discharge, Leakage, or Overflow of Water or Steam from within a plumbing, heating or air conditioning system or household appliance.

### Discussion

The Policy unambiguously excludes coverage, and therefore, the Defendants Motion for Summary Judgment should be granted.

### I. Breach of Contract Claims

■ This Court, sitting in diversity, must apply Texas law construed by the Texas courts. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In Texas, insurance contracts are interpreted by the same rules as are other contracts. *Const. State Ins. Co. v. Iso–Tex Inc.*, 61 F.3d 405 (5th Cir.1995) (citing *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex.1994)). If an insurance policy is worded so that it can be given only one reasonable construction, it will be enforced as written. *Id.* (citing *State Farm Fire & Cas. Co. v. Reed*, 873 S.W.2d 698, 699 (Tex.1993)).

### A. Exclusion (h) applies to bar coverage

■ Defendant contends that Texas courts have consistently held that damage caused by settlement or movement of a foundation is not a covered loss, regardless of the cause of the settlement/movement. See citations in Defendant's motion p. 4. This Court agrees and holds that the foundation exclusion specifically and unambiguously excludes damages resulting from foundation movement.

### B. Ensuing Loss exception

■ Defendant asserts that the exception to the exclusion for water damage does not apply because "ensuing loss" has been construed by Texas courts to cover only water damage which is the result, rather than the cause, of foundation movement. See Defendant's motion p. 5. Because it is undisputed that the Plaintiffs allege that their foundation shifted as a result of a plumbing leak-that is the water damage was the cause, rather than

the result, of foundation movement-Defendant properly denied their claim. *Sharp v. State Farm Fire & Cas. Ins. Co.*, 938 F.Supp. 395, 396 (W.D.Tex.1996). Plaintiffs do not contest Defendant's "ensuing loss" argument because Plaintiffs state the argument is not relevant to the coverage determination concerning the "accidental discharge" coverage. See Plaintiffs' motion p. 8.

## C. Accidental discharge provision in separate agreement under Coverage B (Personal Property)

■ Defendants argue that the loss is not covered under the "covered peril" involving accidental discharge of water because that language only applies to the Coverage B (Personal Property) which is not at issue in this case. See Defendant's motion p. 6. This Court agrees with the Defendant that this provision only applies to Plaintiffs' personal property and not to their dwelling because the provision is unambiguous. See Texas cases cited supra. Because the contract language is not fairly susceptible to more than one legal construction, extrinsic evidence is inadmissible to contradict or vary the meaning of the explicit language of the parties written statement *Natl. Union Fire Ins. Co. v. CBI Indus., Inc.*, 907 S.W.2d 517, 521 (Tex.1995).

■ Plaintiffs attempt throughout their response to admit various extrinsic evidence to create an ambiguity in the "accidental discharge" provision. Extrinsic evidence of intent may be admitted to explain an ambiguous provision but never to create an ambiguity. *Mustang Tractor & Equip. Co. v. Liberty Mut. Ins. Co.*, 76 F.3d 89, 91 (5th Cir. 1996). Despite the fact that this Court will not admit Plaintiffs' extrinsic evidence, this Court feels compelled to address several of the Plaintiffs' arguments.

■ Plaintiffs argue that the Commissioner of the Texas Department of Insurance has issued an order that states the "accidental discharge" provision is Ambiguous and unclear. This Court agrees with the Defendant that this order does not cause the "accidental discharge" provision to be ambiguous with respect to its coverage for loss to a dwelling. The Policy covers for a loss to personal property because of an accidental discharge. This is unambiguous. The order points out that the ambiguity is evident when accessing a loss to personal property as a result of accidental discharge. Specifically, whether the costs associated with tearing out and replacing "any part of the building necessary to repair or replace the system or appliance" is covered. Therefore, this Court finds that this order is irrelevant to coverage of a loss to the dwelling.

■ Plaintiffs argue that this order is authoritative. Specifically, the Plaintiffs state that "these orders also have the same force and effect as a statute." citing *Texarkana & Fort Smith Railway Co. v. Houston Gas & Fuel Co.*, 121 Tex. 594, 51 S.W.2d 284, 287 (1932). This Court notes that It examined this 1932 case concerning the rule and rate orders promulgated by the *Railroad Commission*. This case includes this language with no citation to any authority. This Court finds that this case does not stand for the proposition that the orders issued by the Commissioner of the Texas Department of Insurance have the same force and effect as a statute.

Plaintiffs include a section named Additional Authority in their response in order to persuade this Court of an ambiguity. This Court finds that this section contains no additional authority. Plaintiffs point to a *motion* on this issue. Also, Plaintiffs point to a *letter*, This Court finds that these items are not binding or even persuasive authority.

Because the "accidental discharge" provision unambiguously pertains to personal property, this Court holds that this provision does not include coverage for damage to Plaintiffs' home.

## II. Extra-Contractual Claim

Defendants argue that the extra-contractual claims all necessarily rely on a valid contract claim. See citations in Defendant's motion p. 6. Plaintiffs argue that they have raised fact issues in their affidavits attached to their response. The affidavits are simply statements by the individual Plaintiffs that they have personal knowledge that the facts

contained in the Original Petition are true. See paragraph 16 in Plaintiffs' response. p. 8.

 As a general rule, there may be no extra-contractual recovery where the insured is not entitled to benefits under the contract of insurance. *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex.1995). The Texas Supreme Court has recognized that in certain situations an insurer could commit some act that would cause injury independent of the policy claim. *Id.* at 341 (citing *Aranda*, 748 S.W.2d at 214). This Court does not observe the exception to the general rule in this case.[2] The Plaintiff has not demonstrated any evidence contrary to this conclusion by pointing to self-serving affidavits. See Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Therefore, Defendant should be granted summary judgment on the extra-contractual claims.

### III. Negligence Claim

Defendant argues that Texas law does not recognize any cause of action for negligent claims handling. See citations in Defendant's motion p. 8. Plaintiffs argue that they have raised fact issues on their negligence claim in attached affidavits. Again, these affidavits are conclusory and self-serving. See supra.

 This Court finds that Texas law does not recognize any cause of action for negligent claims handling. *United Services Automobile Assn. v. Pennington*, 810 S.W.2d 777, 783–84 (Tex.App.—San Antonio 1991, writ denied). Because Plaintiffs have not attempted to argue this issue except by pointing to self-serving affidavits, this Court finds that Defendants should be granted summary judgment on the negligence claim. See Fed. R.Civ.P. 56(e).

### *Conclusion*

In conclusion, this Court holds that the insurance policy unambiguously excludes loss from foundation movement, and therefore,

summary judgment should be granted for the Defendant. Specifically, exclusion (h) applies to bar coverage. The "ensuing loss" provision does not apply. Further, the "accidental discharge" provision only applies to personal property, and therefore, the provision does not apply to the loss to Plaintiffs' home. Moreover, the Plaintiffs do not have valid claims for extra-contractual damage or negligence. Accordingly, the Defendant's Motion for Summary Judgment is granted. The Clerk of the Court is ordered to close this case.

---

**2.** This Court would usually perform an analysis of whether the insured established a claim for the breach of the duty of good faith and fair dealing. See *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 213 (Tex.1988).