# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2007

Charles R. Fulbruge III
Clerk

No. 06-41232

RICHARD P WASHBURN

Plaintiff-Appellant

v.

FRANCIS J HARVEY, Secretary of the Army

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, WIENER, and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff Richard P. Washburn ("Washburn") appeals the district court's grant of summary judgment in favor of Defendant, the Secretary of the Army in his official capacity as the head of Washburn's employer, the United States Army Corps of Engineers ("USACE").[1] The district court granted summary judgment on Washburn's claims that he was discriminated against in violation of the Americans with Disabilities Act (the "ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Rehabilitation Act, and that he was denied a promotion in retaliation for engaging in activities protected by Title VII. We affirm in part, reverse in part, and remand.

---

[1] We refer to the defendant-appellee as "USACE."

I

Washburn was employed as an appraiser in the real estate division of USACE from 1991 until he retired in 2005. Washburn could not review appraisals conducted by other USACE appraisers because he did not possess a General State Certification as a General Appraiser.

In 2001, Washburn filed his first Title VII suit against USACE alleging, inter alia, that he was discriminated against on the basis of his gender. The district court granted summary judgment in favor of USACE, and we dismissed Washburn's appeal for want of prosecution.

The Supervisory Appraiser of the real estate division of USACE retired in 2002 while Washburn's first Title VII case was pending.[2] USACE appointed Washburn temporarily to serve as Supervisory Appraiser from June 2002 until October 2002. USACE then posted a job announcement for the Supervisory Appraiser position; the announcement described the position as a "Temporary Promotion Not to Exceed 1 Year." USACE appointed Washburn to the temporary Supervisory Appraiser position in January 2003. In 2002 or 2003, Washburn underwent surgery for jaw cancer. Following his surgery, Washburn requested permission to work from home to reduce the risk of post-surgical infection. USACE granted Washburn's request. While working from home, Washburn continued to serve as temporary Supervisory Appraiser and received excellent performance ratings.

Washburn's one-year appointment as temporary Supervisory Appraiser ended in January 2004. USACE then appointed Randy Richardson ("Richardson") to the position of Acting Supervisory Appraiser. Richardson was

---

[2] USACE appears to use the terms "Supervisory Appraiser," "Appraisal Branch Chief," and "Supervisory Appraiser/Chief of Planning and Control" interchangeably to refer to the same position. We exclusively will use the term "Supervisory Appraiser."

a planner, not an appraiser, and therefore did not possess a General State Certification as a General Appraiser.

Washburn continued to work from home as a staff appraiser until he retired. Less than four months before he retired, Washburn filed this case against USACE. Washburn alleges that his jaw cancer rendered him disabled and that USACE did not promote him to the permanent position of Supervisory Appraiser in January 2004 because of his disability. Washburn also alleges that USACE denied him the promotion to the permanent position of Supervisory Appraiser in retaliation for his first Title VII suit. The district court granted summary judgment in favor of USACE, and Washburn appeals.

II

We review the district court's grant of summary judgment de novo applying the same standard as the district court. Fabela v. Socorro Indep. Sch. Dist., 329 F.3d 409, 414 (5th Cir. 2003). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-moving party must then come forward with specific facts showing there is a genuine issue for trial. Id. We review all facts in the light most favorable to the non-movant, id., and affirm only when the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED R. CIV. P. 56(c).

A

The district court's grant of summary judgment in favor of USACE on Washburn's disability discrimination claims under the ADA and Title VII can be summarily addressed.

Washburn's ADA claim fails because USACE is a federal government employer, which the ADA specifically excepts from its purview. See 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include – the United States [or] a corporation wholly owned by the government of the United States ... ."); Florida East Coast Ry. Co. v. United States, 519 F.2d 1184, 118 (5th Cir. 1975) (noting that USACE is "an instrumentality of the federal government").

Washburn's Title VII claim fails because Title VII does not proscribe discrimination on the basis of disability. See 42 U.S.C. § 2000e-2 (prohibiting employment discrimination on the basis of "race, color, religion, sex, or national origin"); Blow v. City of San Antonio, 236 F.3d 293, 296-97 (5th Cir. 2001) (requiring a prima facie showing that the plaintiff is a member of a protected class).

B

Whether the district court correctly granted summary judgment in favor of the USACE on Washburn's discrimination claims under the Rehabilitation Act requires closer scrutiny than his ADA and Title VII claims. To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff must prove (1) he is an 'individual with a disability'; (2) who is 'otherwise qualified' [for the position sought]; (3) who worked for a 'program or activity receiving Federal financial assistance'; and (4) that he was discriminated against 'solely by reason of her or his disability.'" Hileman v. City of Dallas, Tex., 115 F.3d 352, 352 (5th Cir. 1997); (quoting 29 U.S.C. § 794(a)); Chandler v. City of Dallas, 2 F.3d 1385, 1390 (5th Cir. 1993).

USACE moved for summary judgment on one ground)) that Washburn could not establish the second element of his prima facie case. To satisfy the second element of his prima facie case, Washburn must show that he could perform the "essential functions" of Supervisory Appraiser with no more than a "reasonable accommodation" by USACE. Chari v. City of League City, 920 F.2d

311, 315 (5th Cir. 1991); see also School Bd. of Nassau County v. Arline, 480 U.S. 273, 287 n. 17 (1987). USACE argued that Washburn was not qualified for the position of Supervisory Appraiser because he was not a state-certified appraiser. The district court agreed with USACE and granted summary judgment on Washburn's Rehabilitation Act claim on that basis alone. We disagree.

There is a genuine dispute of material fact concerning whether Washburn possessed the necessary qualifications for the Supervisory Appraiser position and thus whether he established the second element of his prima facie case. USACE's motion for summary judgment relied exclusively on the declaration of the Chief of Real Estate for USACE, Richard Harrison ("Harrison"), to show that Washburn was not otherwise qualified to be a Supervisory Appraiser. Harrison's declaration states that to be eligible for the "permanent position" of Supervisory Appraiser, an appraiser must be a "Certified Appraiser," which Washburn was not because "he did not have a General State Certification from any State as a General Appraiser." Washburn countered Harrison's declaration by submitting the original job posting for the temporary Supervisory Appraiser position, which does not list a General State Certification as a qualification for the position. Moreover, the Acting Supervisory Appraiser, Richardson, does not hold a General State Certification.[3] Neither party submitted evidence or explained whether the qualifications for the Supervisory Appraiser position differ based on whether an appointment to the position is in a permanent, temporary, or acting capacity. We construe this lack of evidence in favor of Washburn. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (holding that a reviewing court should review all facts and draw all inferences in favor of the non-movant).

---

[3] USACE asserts that Richardson need not possess a General State Certification because he is a "planner," whereas Washburn must possess the certification because he is an "appraiser." The issue is not whether a planner or an appraiser must possess the certification but whether a Supervisory Appraiser must.

As further evidence of his qualifications, Washburn submitted his own declaration stating that he supervised other appraisers in 2003 while holding the temporary Supervisory Appraiser position. Washburn also submitted performance evaluations from the period during which he served as Supervisory Appraiser, which rate his performance as excellent. USACE has not countered this evidence nor has it offered evidence that the qualifications for the position of Supervisory Appraiser have changed since Washburn held the temporary position in 2003.

Taken together, Harrison's declaration, Washburn's declaration, and Washburn's performance evaluations create a genuine issue of material fact concerning whether Washburn was qualified to be a Supervisory Appraiser and thus whether Washburn established the second element of his prima facie case, which is the sole basis upon which the USACE moved for summary judgment on Washburn's Rehabilitation Act claim.[4] We do not consider whether Washburn has established the remaining three elements of his prima facie case. See Baker v. Metropolitan Life Ins. Co., 364 F.3d 624, 632 (5th Cir. 2004) ("[A] district court may not grant summary judgment sua sponte on grounds not requested by the moving party.") (internal quotation and citations omitted); Lozano v. Ocwen Federal Bank, FSB, 489 F.3d 636, 641 (5th Cir. 2007) (noting that non-movant must be "on notice to present arguments" on each claim in their response to a summary judgment motion). Accordingly, we reverse the district court's grant of summary judgment on Washburn's Rehabilitation Act claim.

---

[4] USACE moved for summary judgment on Washburn's retaliation claim on the grounds that (1) Washburn did not suffer an adverse employment action because USACE never posted a job opening for Richardson's position, and Washburn never applied for it, and (2) that Washburn could not prove causation. USACE did not move for summary judgment on Washburn's Rehabilitation Act claim on these grounds.

C

In addition to his discrimination claims, Washburn alleges that USACE violated Title VII by denying him a promotion to the position of Supervisory Appraiser and punitively auditing him in retaliation for his first Title VII suit. To establish a prima facie case of unlawful retaliation under Title VII, Washburn must show (1) that he engaged in an activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a casual link existed between the protected activity and the adverse employment action. Long v. Eastfield Coll., 88 F.3d 300, 304 (5th Cir. 1996) (citing McMillan v. Rust College, Inc., 710 F.2d 1112, 1116 (5th Cir. 1983)). The district court found that Washburn satisfied the first two elements of his prima facie case but granted summary judgment in favor of USACE after finding that Washburn could not prove a causal connection between his 2001 Title VII suit and USACE's failure to promote him to the position of Supervisory Appraiser in 2004. We agree.

To establish the causation element of his retaliation claim under Title VII, Washburn must present either "direct evidence of retaliation" or "circumstantial evidence creating a rebuttable presumption of retaliation." Fabela v. Socorro Indep. School Dist., 329 F.3d 409, 414-15 (5th Cir. 2003). Washburn did neither.

Washburn did not present direct evidence of retaliation sufficient to defeat summary judgment. Washburn points to the declaration he submitted in support of his opposition to summary judgment as direct evidence of causation. Specifically, Washburn relies on the statement in his declaration that "Defendants ... told Plaintiff that he would never promote him because of his lawsuit and complaints." Although a plaintiff's testimony may establish retaliation, such testimony is only sufficient if it "proves the fact of intentional retaliation without inference or presumption." Fierros v. Texas Dept. of Health, 274 F.3d 187, 195 (5th Cir. 2001) (citation omitted). In Fierros, the Plaintiff submitted an affidavit stating that her supervisor told her "that she had been

7

denied [a] pay increase because she filed a discrimination complaint against him." Id. Unlike the affidavit in Fierros, which specifically described the supervisor's ex post facto admissions, Washburn's declaration lacks the indicia of specificity required for direct evidence of retaliation. See id. Washburn does not specify who told him he would never be promoted because of his lawsuit nor does he specify when the statement was made. We cannot presume that the statement was made by a person at USACE with hiring authority. We also cannot presume when it was made, which is particularly important considering that USACE promoted Washburn, albeit temporarily, in 2003. Based on Washburn's vague declaration alone, no reasonable jury could find that USACE retaliated against him. See id. Accordingly, his declaration cannot establish causation.

Further, Washburn did not present circumstantial evidence of retaliation sufficient to defeat summary judgment. Washburn points to two circumstances to support an inference of causation. First, he notes that USACE denied him a promotion more than three years after he filed his first Title VII suit against USACE. Second, he contends that he was the only appraiser in his district that USACE audited in July 2004, which was more than two years after he filed his first Title VII suit. These two pieces of evidence, even if true, do not add up to an inference of causation. Temporal proximity between Washburn's first Title VII suit and the alleged adverse employment actions only can prove the causation element of his prima facie case when the protected act and the adverse employment action are "very close" in time. Clark County School Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (noting that a three-month or four-month period may be close enough to make a prima facie showing of causation but holding that a twenty-month period was not). And even if Washburn was the only appraiser in his office subjected to an audit, USACE email shows that USACE conducted the audits as part of a non-retaliatory district-wide audit of

8

all employees who, like Washburn, worked from home.  Moreover, as soon as Washburn's supervisor learned of the audit, he put a stop to it.  Washburn has not presented circumstantial evidence sufficient to establish causation.

Washburn has presented neither direct nor circumstantial evidence sufficient to establish a causal connection between his first Title VII suit and the denial of a promotion to Supervisory Appraiser.  Accordingly, we conclude that Washburn has not satisfied his prima facie burden to show retaliation.

## III

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment on Washburn's claims under the ADA and Title VII.  We REVERSE the district court's grant of summary judgment on Washburn's Rehabilitation Act claim and REMAND for further proceedings consistent with this opinion.