IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

No. 06-51631

JOSEPH GRUBIC

Plaintiff–Appellant

v.

CITY OF WACO

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas,
Waco Division
USDC No. 6:04-CV-415

Before GARZA, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

In this ADA retaliation case, Joseph Grubic asks the court to reverse the district court's grant of summary judgment in favor of the City of Waco and to remand the case for trial. Because Grubic presents no issue that could provide this relief, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Grubic worked for Waco at the Cameron Park Zoo for more than two decades. He was terminated in late 2003. During his last nine months of employment, Grubic helped persons with physical disabilities on three occasions. The first occasion involved the closing of the Zoo's petting zoo. Chris Elkins was a disabled petting zoo employee. The petting zoo closed, and Grubic unsuccessfully tried to find a new job for Elkins. Elkins ultimately filed a grievance with Waco's EEO Staffing Officer. The Zoo Director responded to the grievance by writing a letter to which he signed Grubic's name, without Grubic's knowledge or consent. The second occasion involved the Zoo's Ranch House. The Ranch House had a wheelchair-accessible entrance; that entrance, however, was temporarily blocked while the House was under construction. Grubic complained to the Zoo Director, and later to Waco's Human Resources Department, after he saw a Zoo tour guide turn away from the Ranch House because a tour member was in a wheelchair. The third way in which Grubic helped a disabled person was by testifying on behalf of a disabled Zoo employee at the employee's EEO/ADA grievance hearing. During the time of these three events, Grubic's superiors acted against Grubic in various ways, including suspension and termination.

Grubic filed this ADA retaliation[1] lawsuit in 2004. He argued that the Zoo suspended and terminated him in retaliation for the three acts described above. The district court granted Waco's summary judgment motion after the Supreme Court handed down Burlington Northern & Santa Fe Railway Co. v. White.[2] The court denied Grubic's motion to reconsider, and Grubic timely appealed.

---

[1] See 42 U.S.C. § 12203.

[2] 126 S. Ct. 2405 (2006).

II

Grubic asks this court to "reverse and remand this case for trial in light of the Burlington case." He contends that a jury should decide whether Waco took "adverse employment actions" against him, because the Supreme Court reversed and remanded for that purpose in Burlington Northern. This court reviews the district court's grant of summary judgment de novo, examining the facts in the light most favorable to the nonmoving party.[3]

Before[4] and after[5] Burlington Northern, courts analyze retaliation claims in a three-step process.[6] In the first step, the plaintiff must prove three elements: that (1) he engaged in an activity the ADA protects; (2) his employer took an adverse employment action against him; and (3) a causal link existed between the protected activity and the adverse employment action.[7] Once the plaintiff makes out this prima facie case, the defendant must give a legitimate, nondiscriminatory reason for its adverse action.[8] If the defendant succeeds, the plaintiff must then show that the employer's explanation is pretextual.[9]

---

[3] Seaman v. CSPH, Inc., 179 F.3d 297, 299 (5th Cir. 1999).

[4] See id. at 301.

[5] See Washburn v. Harvey, 504 F.3d 505, 510 (5th Cir. 2007) (citing Long v. Eastfield Coll., 88 F.3d 300, 304 (5th Cir. 1996)).

[6] Although Burlington Northern was a Title VII case, this court applies the same analysis to ADA and Title VII retaliation claims. Compare Long, 88 F.3d at 304 (applying the burden-shifting framework to a Title VII retaliation case), with Seaman, 179 F.3d at 301 (applying the burden-shifting framework to an ADA retaliation case).

[7] Seaman, 179 F.3d at 301.

[8] Id.

[9] Id.

*Burlington Northern* clarified the standard that applies to the second element of the first step: an "adverse employment action."[10]

There is no dispute in this case that Waco took adverse employment actions against Grubic, including suspension and termination. Indeed, Waco concedes that "the employment decisions at issue—suspension and termination—were material and actionable decisions." The district court similarly did not question this conclusion. Instead, it granted Waco summary judgment on the other elements of the retaliation analysis. Regarding the closing of the petting zoo, the court found that Grubic failed to prove the first (protected activity) and third (causal connection) elements of the first step, that Waco met its burden in the second step, and that Grubic failed to show that Waco's explanation was pretextual in the third step. The court rejected Grubic's arguments relating to the Ranch House for precisely the same reasons. Finally, the court also relied on other elements regarding Grubic's testimony at the EEO/ADA grievance hearing: it found that Waco presented a legitimate, non-discriminatory reason for terminating Grubic, and that Grubic did not show that the explanation was pretextual.

Unlike the parties in *Burlington Northern*, the parties here agree that the employer took adverse employment actions against the employee. Thus, there is no need for a jury trial on this element. Grubic does not dispute the district court's other findings; these unchallenged findings compel affirmance.

\*     \*     \*

We AFFIRM the judgment of the district court.

---

[10] *Burlington N. & Santa Fe Ry. Co. v. White.*, 126 S. Ct. 2405, 2409 (2006).