**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4793
_____

PATRICK O. RAWLINS,
                                        Appellant
v.

NEW JERSEY TRANSIT; SANDRA DURRELL, Principal EO/AA Officer NJ Transit;
RICHARD R. SARLES, Executive Director NJ Transit; WILLIAM HEMPHILL, Director,
EO/AA and Diversity Programs NJ Transit; CARL PULSKI, Director of transportation
Southern Division, New Jersey Bus Operations; ARTHUR F. BECAN, MD, Medical
Examiner New Jersey Transit; PATRICE VERNER, Director of Medical Department
NJ Transit; JOHN AND JANE DOES (1-50) persons who participated in any
decisions concerning my Disability Termination, NJ Transit, CONSTANCE
KELLY, Nurse NJ Transit; ORTEGA VANDERHOFF
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 08-cv-01574)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2011
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

Opinion filed: June 16, 2011

_____

OPINION
_____

PER CURIAM.

1

Patrick Rawlins appeals from an order of the District Court granting summary judgment to the defendants in this pro se employment discrimination action. We will affirm.

Rawlins applied for a position as a bus driver with New Jersey Transit ("NJ Transit") in 2007. To obtain this position, applicants must first complete a training program, and admission into the training program understandably requires, inter alia, passage of a visual-acuity test. Rawlins twice failed this test. He complained that the testing equipment was inadequate and obsolete, and NJ Transit allowed him to submit the results of an eye exam performed by Rawlins's optometrist, who indicated that Rawlins's vision exceeded NJ Transit's requirements. As a result, Rawlins was admitted into the training program. During training, however, Rawlins's instructor became concerned with his vision. Rawlins was directed to undergo another eye exam conducted by an independent physician. He refused and was terminated.

In March 2008, Rawlins filed a pro se complaint alleging violations of the Americans With Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964. He named as defendants NJ Transit and several of its employees, and he claimed that they had discriminated against him on the basis of his perceived vision problem. He also claimed that the defendants had retaliated against him because he had complained about the eye-testing equipment. The District Court awarded summary judgment to the defendants. First, it found that Rawlins could not maintain a Title VII action because disabled persons are not a protected class under the statute. Second, it found that he

could not establish that he was disabled or that the defendants regarded him as having a disability, and thus could not maintain an ADA action. Rawlins appealed.

We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the nonmoving party. Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). Summary judgment is proper, and the moving party is entitled to judgment as a matter of law where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. Fed. R. Civ. P. 56(c) (2009) (current version at Fed. R. Civ. P. 56(a)); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

As a preliminary matter, we agree with the District Court that Rawlins cannot maintain a Title VII action on the basis of disability. The statute states, "It shall be unlawful [. . .] for an employer [. . .] to discriminate against an individual [. . .] because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Because Rawlins's allegations do not involve discrimination on the basis of any of these protected characteristics, Title VII does not apply. See Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007).

A plaintiff asserting an employment discrimination claim under the ADA "must demonstrate that he or she is a 'qualified individual with a disability' within the meaning of the Act, and that he or she suffered an adverse employment decision as a

3

result of the discrimination." Tice v. Ctr. Area Transp. Auth., 247 F.3d 506, 511-12 (3d Cir. 2001) (citation omitted). An individual qualifies as "disabled" if he or she (1) has a physical or mental impairment that substantially limits one or more major life activity, (2) has a record of such an impairment, or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1).

Rawlins does not allege that he is disabled or that he has a record of a disability. Instead, he claims that the defendants regarded him as having a disability. To establish this claim, Rawlins must show that (1) the defendants mistakenly believed that he had an impairment, or that (2) he had a nonlimiting impairment that the defendants mistakenly believed substantially limited a major life activity. Tice, 247 F.3d at 514. He can show neither. First, he asserts that he was the only student in his training class asked to read signs from far distances. The defendants submitted Rawlins's instructor's weekly report, which indicates that the instructor was concerned with Rawlins's vision. He has not introduced evidence to establish that the instructor's concern was misplaced. In fact, he does not claim that he was able to read the signs that the instructor had asked him to read. He also argues that the defendants' insistence, in light of the instructor's concerns, that he undergo a third visual-acuity test demonstrates that the defendants regarded him as having a disability. However, a request to undergo an independent medical exam, by itself, is insufficient to establish that the defendants regard the plaintiff as having a disability. Id. at 515. Thus, we agree with the District Court that there exists no genuine issue of material fact as to whether Rawlins is a "qualified individual with a disability."

4

Finally, there is no merit to Rawlins's retaliation claim. To establish a prima facie retaliation claim under the ADA, the plaintiff must show, inter alia, that he or she was engaged in "protected employee activity." Williams v. Philadelphia Hous. Auth. Police Dept., 380 F.3d 751, 759 (3d Cir. 2004) (quotation and citation omitted). Rawlins claims that complaining about the inadequacy of the defendants' equipment qualifies as "protected activity," but he has not established that that complaint had anything to do with a disability.

Accordingly, we will affirm the decision of the District Court.