# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2012

No. 11-10987
USDC No. 3:10-CV-2113

Lyle W. Cayce
Clerk

OLUMUYIWA A. ADELEKE, also known as Olumuyiwa Ayodeji Adeleke,

Plaintiff-Appellant

v.

DALLAS AREA RAPID TRANSIT,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Olumuyiwa A. Adeleke is appealing the district court's denial of his motion to proceed in forma pauperis (IFP) on appeal following the entry of an order granting Dallas Area Rapid Transit (DART) summary judgment and dismissing his complaint under Title VII of the Civil Rights Act (Title VII), 42 U.S.C. § 2000e, et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. He is challenging the district court's certification that he should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not be granted IFP status because his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3).

We review de novo a district court's rulings on a motion for summary judgment. *Threadgill v. Prudential Sec. Grp., Inc.*, 145 F.3d 286, 292 (5th Cir. 1998). Summary judgment is proper if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). All facts and inferences are construed in the light most favorable to the nonmoving party. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Adeleke sought to demonstrate that DART refused to hire him for various positions on account of his race (i.e., black), his national origin (which he characterized as his dislike of Mexican nationals and his association with Caucasians),[1] and his disability (i.e., schizophrenia). We review claims of employment discrimination under Title VII and the ADA that rely on circumstantial evidence through the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under that framework, (1) the plaintiff must first establish a prima facie case of discrimination; (2) if such a showing is made, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment action; and (3) if the defendant satisfies that requirement, then the burden shifts back to the plaintiff to establish that the defendant's reason either is a pretext for discrimination or is only one of the reasons for its conduct and another motivating factor is the

---

[1] Although we have recognized certain association claims in the past, we have found no case in which dislike of a racial or ethnic group qualified for purposes of an associational claim. *Cf. Hernandez v. Yellow Transp., Inc.* 670 F.3d 644, 654-55 (5th Cir. 2012)(addressing an associational claim involving being friendly with persons of another race). As far as his associational claim based upon his association with Caucasians, he points to no evidence whatsoever that the company knew of or had any response to his alleged association with Caucasians and, therefore, we conclude that the "national original associational claim" is wholly frivolous. *See id*. Thus, we discuss further only his claims based upon racial and disability discrimination, as well as his retaliation claim.

plaintiff's protected characteristic. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

In this case, DART proffered summary judgment evidence that some of the disputed positions were filled by individuals within Adeleke's protected class, which precludes Adeleke from making a prima facie claim of discrimination, *see McCoy*, 492 F.3d at 556, and articulated a legitimate, non-discriminatory reason for not hiring Adeleke for the remaining positions, i.e., the other candidates were more qualified. Adelke's subjective opinions regarding his relative qualification for the positions are insufficient to establish that he clearly was better qualified and that DART's reason for not hiring him is a pretext for discrimination. *See Jamerson v. Board of Trustees*, 662 F.2d 320, 324 (5th Cir. 1981)(affirming dismissal of a Title VII claim where evidence was based solely on plaintiff's subjective feelings).

Regarding Adeleke's claim of disability discrimination, DART also offered summary judgment evidence that none of the decisionmakers knew or believed that Adeleke suffered from a disability, and Adeleke failed to present competent summary judgment evidence that DART knew that he was limited by mental illness or regarded him as impaired. *See Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 163 (5th Cir. 1996) Thus, Adeleke did not satisfy his burden of demonstrating that there was a genuine dispute as to a material fact regarding whether DART discriminated against him in its hiring decisions. *See McCoy*, 492 F.3d at 556.

Adeleke also sought to demonstrate that DART denied him employment in retaliation for filing a charge of discrimination and a consequent lawsuit against Bank of America, his former employer, which is headquartered near DART. To establish a prima facie case of retaliation, a plaintiff must show that: (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists

between the protected activity and the adverse employment action. *See McCoy*, 492 F.3d at 556-57.

Adeleke failed to proffer any competent summary judgment evidence that established a causal connection between his complaint against Bank of America and an adverse employment action taken by DART. The multi-year gap between Adelke's filing of his complaint and the purported adverse employment actions taken by DART is too temporally remote to show a causal link. *See Washburn v. Harvey*, 504 F.3d 505, 511 (5th Cir. 2007). Adeleke also failed to present any evidence that the geographic proximity of the companies shows that DART's hiring decisions were connected to his protected activity while employed at Bank of America; Adeleke set forth no evidence that DART knew of his complaint at Bank of America and did not hire him because of that complaint. *See Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 884 (5th Cir. 2003).

Because there was no genuine dispute as to any material fact and DART was entitled to judgment as a matter of law, the district court's determination that Adeleke's appeal was not taken in good faith was correct. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Because Adeleke has failed to show that he has a nonfrivolous issue for appeal, we uphold the district court's order certifying that the appeal is not taken in good faith. Adeleke's request to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.