**Henderson R. PRYOR, Plaintiff–Appellant**

v.

**MD ANDERSON CANCER CENTER, Defendant–Appellee.**

No. 12–20279

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 1, 2012.

Henderson R. Pryor, Fresno, TX, for Plaintiff–Appellant.

Amanda Cochran–McCall, Assistant Attorney General, Office of the Attorney General, Austin, TX, for Defendant–Appellee.

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Henderson R. Pryor brought claims under Title VII against his employer, MD Anderson Cancer Center. The district court granted summary judgment for MD Anderson. We AFFIRM.

## STATEMENT OF FACTS

In 2001, MD Anderson hired Pryor, who is African–American, as a Building Attendant I. Between 2004 and 2005, Pryor filed two charges with the Equal Employment Opportunity Commission ("EEOC") and filed two lawsuits against MD Anderson, each alleging race discrimination. In 2007, then-acting physical plant manager Larry Austin hired Pryor as a Physical Plant Technician I ("PPT I") in the Exterior Business Services ("EBS") unit. Pryor held this position until MD Anderson discharged him in 2009.

The EBS unit maintained the exterior of the buildings on MD Anderson's campus. The unit consisted of six positions, including two PPT I positions, two PPT III positions, a supervisor, and Austin's position as plant manager. At the time of Pryor's discharge, there was one vacant PPT I position. Of these positions, PPT I is the lowest-level position, requires the least mechanical skill, and generally involves working with others. The PPT III position requires the highest level of mechanical skill and the ability to work independently.

In 2009, MD Anderson decided to eliminate the EBS unit and contract out the work for which EBS was responsible. MD Anderson retained only one EBS employee, PPT III Greg Youngblood, to oversee the work. Along with Pryor, MD Anderson discharged the unit's supervisor and the other PPT III employee. The vacant PPT I position was eliminated. Austin's position as plant manager was eliminated, but he applied for and was hired into another facilities division. The other employees were informed they could apply for reemployment within MD Anderson if they identified available jobs for which they were qualified.

A human resources specialist reviewed and approved the termination of Pryor and the other EBS employees as part of a company-wide workforce reduction. MD Anderson eliminated 232 positions within the facilities division.

Pryor filed an EEOC complaint. After receiving a right-to-sue letter, he filed this Title VII lawsuit, alleging his discharge was based on race discrimination and was in retaliation for a previous EEOC complaint. The district court granted summary judgment in favor of MD Anderson. Pryor appeals.

---

## DISCUSSION

A summary judgment is reviewed *de novo* on appeal. *Davis–Lynch, Inc. v. Moreno,* 667 F.3d 539, 549 (5th Cir.2012). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). A dispute is genuine if the evidence is such that a reasonable juror could find for the non-moving party. *Davis–Lynch,* 667 F.3d at 549. "All facts and evidence must be taken in the light most favorable to the non-movant." *Id.*

Pryor has proceeded *pro se.* His basic argument is an appropriate one for this appeal, namely, that there are several genuine disputes of material fact that should have prevented the grant of a summary judgment. To address his argument, we examine his race discrimination and retaliation claims separately. We explain why we find no genuine disputes of material fact.

### A. Race Discrimination

A Title VII claim of race discrimination is analyzed using the traditional burden-shifting rules of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To survive a summary judgment motion, a plaintiff must establish a *prima facie* case showing he (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class. *Bryan v. McKinsey & Co.,* 375 F.3d 358, 360 (5th Cir.2004). The district court determined that this was a reduction-in-force case, and thus replaced the fourth element with the requirement that Pryor show "evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Palasota v. Haggar*

*Clothing Co.,* 342 F.3d 569, 576 (5th Cir. 2003). If the plaintiff establishes a *prima facie* case, the defendant then has the burden of articulating a legitimate, non-discriminatory reason for the decision to discharge the plaintiff. *Rachid v. Jack in the Box,* 376 F.3d 305, 312 (5th Cir.2004). If the defendant states such a reason, the plaintiff must offer evidence sufficient to raise a genuine issue of material fact as to "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive alternative)." *Id.*

MD Anderson argues the district court incorrectly applied the reduction-in-force framework because Pryor's complaint alleged there was no reduction in force. We do not resolve that argument because regardless of the framework that is applied, Pryor has failed to offer evidence to rebut MD Anderson's legitimate, non-discriminatory reason for discharging Pryor.

■ Assuming Pryor has established a *prima facie* case, MD Anderson has successfully articulated a legitimate, non-discriminatory reason for discharging Pryor. MD Anderson offered the affidavits of Austin, the physical plant manager, and James Barron, a human resources program manager, verifying that MD Anderson eliminated the EBS unit. MD Anderson provided evidence that it eliminated 232 positions in the facilities division. The affidavits from Barron and Austin state that the determination of which positions to eliminate was non-discriminatory and based solely on business needs, financial constraints, and employee seniority and skill level.

■ Pryor argues that MD Anderson's reasons for discharging him are a pretext

for discrimination. First, he asserts there are still PPT I employees in the grounds department. MD Anderson acknowledges this and presented evidence that seven PPT I employees remain, all employed in the Sign and Art Services unit. There is no evidence that PPT I employees remain in the EBS unit where Pryor was employed. Thus, this fact does not create a dispute as to whether the reduction in force was pretextual.

Second, Pryor argues he was the only PPT I in the grounds department who was discharged. When MD Anderson eliminated the EBS unit, it did not discharge another PPT I in the unit because the other PPT I position was vacant. This vacancy is not disputed.

Pryor next argues that there is a genuine issue of fact as to whether MD Anderson eliminated the EBS unit and contracted out the work. But Pryor points to no evidence that disputes this. MD Anderson admitted that it retained one EBS employee, Youngblood, a PPT III, to oversee contractor services, but it eliminated all other EBS positions, including all PPT I positions in the EBS unit. Pryor also argues the evidence raises an issue of fact as to whether he was qualified for any other position when he was discharged. The district court found there was a question of material fact as to whether Pryor was qualified for Youngblood's position. Nonetheless, this evidence would only help establish Pryor's *prima facie* case, which we have assumed he met. Therefore, neither of these arguments raises a genuine issue of material fact with regard to whether the reduction in force was pretextual.

Last, Pryor contends there is a genuine issue of fact as to whether MD Anderson singled him out for disparate treatment in discharging him. As discussed, MD Anderson has presented undisputed evidence that it eliminated all positions except

one in the EBS unit. Further, no one disputes MD Anderson discharged 232 employees in the facilities division. A reduction in force is a legitimate, non-discriminatory reason for eliminating positions and discharging employees. *E.E.O.C. v. Tex. Instruments, Inc.,* 100 F.3d 1173, 1181 (5th Cir.1996). Nothing in the record suggests a racial animus on the part of MD Anderson in discharging Pryor. Thus, Pryor has not presented any evidence that raises a genuine issue as to whether MD Anderson's reduction in force was mere pretext for discharging him.

### B. Retaliation

■ To survive summary judgment on his Title VII retaliation claim, Pryor must establish that (1) he participated in a protected activity, (2) he suffered an adverse employment action, and (3) there was a causal connection between his protected conduct and the adverse employment action. *Stewart v. Miss. Transp. Comm'n,* 586 F.3d 321, 331 (5th Cir.2009). MD Anderson concedes the first two elements and contests only whether Pryor demonstrated a causal connection between his protected conduct and his discharge.

Without direct evidence, the causation element can be difficult to prove. *See Nowlin v. Resolution Trust Corp.,* 33 F.3d 498, 508 (5th Cir.1994). There are three indicia of causation: (1) the absence of any reference to the conduct at issue in the employee's disciplinary record, (2) deviation from the employer's customary "policy and procedures in terminating the employee," and (3) temporal proximity between the termination and protected conduct. *Id.* A *prima facie* case can, in some instances, be made on temporal proximity alone if the protected act and the termination are "very close in time." *Washburn v. Harvey,* 504 F.3d 505, 511 (5th Cir.2007) (quotation marks omitted).

More specifically, we have noted that a time lapse of up to four months between the protected activity and the employee's discharge has been sufficient to establish a *prima facie* case. *Evans v. City of Houston,* 246 F.3d 344, 354 (5th Cir.2001). We have also held, though, that a five-month time period was not sufficient. *Raggs v. Miss. Power & Light,* 278 F.3d 463, 471–72 (5th Cir.2002). Pryor filed two charges with the EEOC and two lawsuits in 2004 and 2005. Pryor provides no evidence to establish a causal connection between the protected activity and his discharge in 2009. The protected activity was not close enough in time to Pryor's discharge to support a causal connection, and Pryor has not established a *prima facie* case of retaliation on this evidence.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.