# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2021

Lyle W. Cayce
Clerk

No. 19-30793
Summary Calendar

Delmon Marzett,

*Plaintiff—Appellant*,

*versus*

Marlin N. Gusman, *Sheriff*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-7473

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Delmon Marzett filed a 42 U.S.C. § 1983 complaint against Sheriff Marlin N. Gusman and unnamed deputies alleging constitutional violations while he was a pretrial detainee at the Orleans Justice Center.  Specifically, he raised claims of deliberate indifference regarding acts that occurred when

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

he was transported to the courthouse for a detention hearing.  He also raised claims relating to the alleged lack of medical care following his injury that occurred during the transportation.

The magistrate judge (MJ) found that because the unnamed deputies were not properly named as defendants, those claims were subject to dismissal.  Regarding the claims against Sheriff Gusman, the MJ found that Marzett failed to identify any personal involvement by Sheriff Gusman and that § 1983 relief did not allow for supervisory liability.  To the extent Marzett alleged a negligent failure to train on the part of Sheriff Gusman regarding the incident surrounding his transportation to the courthouse, the MJ stated that there was no allegation that Sheriff Gusman had any type of knowledge of a pattern of similar incidents.  Further, the MJ determined that there was no allegation or evidence that the alleged constitutional violation was the highly predictable consequence of a failure to train.  To the extent Marzett raised claims of inadequate medical care against Sheriff Gusman, the MJ determined that Sheriff Gusman was not the proper defendant.  Therefore, the MJ granted summary judgment in favor of Sheriff Gusman and dismissed all of Marzett's claims with prejudice.

We review de novo the district court's summary judgment ruling. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007).

In his brief, Marzett argues in conclusory fashion that he raised facts establishing a genuine dispute as to a material fact and that Sheriff Gusman was liable for failing to train employees.  He fails to identify these facts or present any meaningful argument regarding the MJ's reasons for dismissing

his claims.  Because Marzett completely fails to brief the MJ's reasons for dismissing claims, any challenge to the dismissal of those claims is abandoned. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment is AFFIRMED. Marzett's motion for the appointment of counsel is DENIED.