# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2021

Lyle W. Cayce
Clerk

No. 20-60341
Summary Calendar

Ronald E. Gillette,

*Plaintiff—Appellant*,

*versus*

Doctor John Jackson,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:18-CV-106

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Ronald E. Gillette, U.S. Virgin Islands prisoner # 16-012, filed a civil rights action complaining of conditions of confinement at the Tallahatchie County Correctional Facility (TCCF) in Tutwiler, Mississippi. He consented to entry of judgment by the magistrate judge.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60341

The only remaining defendant was prison physician Anthony Jackson (Dr. Jackson), and the claim against him related only to noise disturbances caused by mentally ill inmates. The magistrate judge granted Dr. Jackson's motion for summary judgment and dismissed the amended complaint without prejudice pursuant to 42 U.S.C. § 1997e(a) because Gillette failed to exhaust his administrative remedies.

We review the magistrate judge's summary judgment ruling de novo. *See Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508. "We review evidence in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The exhaustion requirement is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007).

To properly exhaust his claims, a prisoner must pursue all available avenues of relief and must comply with all administrative deadlines and procedural rules. *Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016). In determining what remedies are "available," we examine "the applicable

procedural rules . . . defined . . . by the prison grievance process itself." *Jones*, 549 U.S. at 218 (internal quotation marks and citation omitted). Proper exhaustion is required, *see Woodford*, 548 U.S. at 87-91, which "demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90. "Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015). The sole exception to the exhaustion requirement is that "the remedies must indeed be 'available' to the prisoner." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citation omitted).

Gillette does not dispute that he failed to comply with the TCCF grievance procedures. He asserts that, in seeking a remedy, he is not limited to use of the TCCF grievance system, which is a means of obtaining relief and not a requirement. Gillette, who is a U.S. Virgin Islands prisoner, states that he complained of the prison conditions at the TCCF to U.S. Virgin Islands officials and to the U.S. Department of Justice. These contentions are without merit. Gillette's efforts to circumvent the prison grievance procedures by appealing to other authorities, if true, do not satisfy the PLRA's exhaustion requirement, which mandates compliance with institutional grievance procedures. *See Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90.

Gillette also asserts that he attempted to obtain relief through the prison grievance process but had a medical emergency, that grievance drop boxes were removed in three pods because they were damaged by moisture, and that he gave his grievances to a prison employee. He contends in conclusional fashion that TCCF staff are indifferent and resistant and that the TCCF grievance policy is "impressive on paper" but is "inefficient and ineffective" in urgent circumstances. These contentions are unsupported by summary judgment evidence and are without merit.

No. 20-60341

The PLRA exhaustion requirement is not subject to exceptions based on the circumstances in individual cases. *See Ross*, 136 S. Ct. at 1856-58. Gillette has not shown that there is a genuine issue of material fact with respect to whether the prison grievance procedures are incapable of use to obtain relief. *See id.* at 1859. The record reflects that Gillette has employed the prison grievance process previously, just not with respect to the claims asserted against Dr. Jackson. The magistrate judge's judgment is AFFIRMED. Gillette's opposed motion for leave to file a supplemental brief is DENIED.